UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

NEAL LAWRENCE,

                                            Case No. 3:14-cv-129

        Plaintiff,

                                            Judge Thomas M. Rose

-v-

BOOZ ALLEN HAMILTON, Inc.,

        Defendant.

---

ENTRY AND ORDER GRANTING BAH'S PARTIAL MOTION TO
DISMISS (Doc. #3)

---

The Complaint in this matter was originally filed in the Court of Common Pleas for Montgomery County, Ohio. It was subsequently removed to this Court based upon this Court having diversity subject matter jurisdiction.

The Plaintiff in this matter is Neal Lawrence ("Lawrence"). The Defendant is Booz Allen Hamilton, Inc. ("BAH")

Lawrence asserts three (3) Claims for Relief. (Doc. #4.) The First Claim for Relief is for age discrimination in violation of Ohio Rev. Code § 4112. The Second Claim for Relief is for retaliation and the Third Claim for Relief is for promissory estoppel.

Now before the Court is a Motion To Dismiss Lawrence's Second and Third Claims for Relief filed by BAH. (Doc. #3.) Lawrence has responded (doc. #6) and BAH has replied (doc. #7). BAH's partial Motion To Dismiss is, therefore, ripe for decision.

## RELEVANT FACTUAL BACKGROUND[1]

---

[1]As taken from the Complaint

Lawrence is a sixty-four (64) year old male who was employed by BAH as an Associate in BAH's Dayton, Ohio facility. (Compl. ¶ 6.) Lawrence was employed by BAH beginning on January 10, 2011, and his employment was terminated on October 15, 2013. (Id. at ¶ 7.) His employment was terminated, according to BAH, because of the lack of billable work matching his skill set. (Id. at ¶ 11.)

Lawrence says he is a highly qualified individual and his educational background make him well-suited for a variety of positions at BAH. (Id. at ¶ 13.) Yet, according to Lawrence, BAH failed to consider him for any other positions that aligned with his education and experience. (Id. at ¶ 15.)

Lawrence was promoted to BAH's Technical Lead for the Multiple Input Multiple Output ("MIMO") project that was part of the Electronic Protection (EP") Contract. (Id. at ¶ 17) The EP Contract was sponsored by the Air Force Research Laboratory ("AFRL"). (Id.)

In his role as Lawrence's Senior Associate, Jim Cantanzarite ("Catanzarite") promised Lawrence a promotion to Lead Associate if he completed a specific marketing activity and provided technical direction to the Multiple Input Multiple Output ("MIMO") subcontractors. (Id. at ¶ 25.) This promise was allegedly made in 2012. (Id.)

Lawrence allegedly completed all of the tasks that were a prerequisite to this promotion. (Id. at ¶ 26.) However, Catanzarite left BAH and his replacement refused to promote Lawrence. (Id. at ¶ 28.)

In June of 2012, funding for the MIMO project was reduced. (Id. at ¶ 20.) Lawrence was charging approximately one-fourth (1/4) of his time to MIMO and was assigned to the Renewable Energy ("RE") project. (Id. at ¶¶ 21 and 23.) Lawrence worked on the RE project for

almost a year from June of 2012 to May of 2013. (Id. at ¶ 35.)

On May 16, 2013, the RE contract ended. (Id. at ¶ 38.) Lawrence received new tasking in April of 2013. (Id. at ¶ 40.) Beginning in January of 2013, new tasking was provided to two individuals that were in the same position as Lawrence but younger. (Id. at ¶ 39.) Further, in April of 2013, BAH hired other younger and less qualified individuals for positions for which Lawrence was qualified. (Id. at ¶ 41.)

Lawrence was assigned job functions relating to an antenna modeling task from April through August of 2013. (Id. at ¶ 44.) On August 20, 2013, Lawrence was informed that, beginning in September of 2013, he would no longer receive any more hours for the antenna modeling task. (Id. at ¶ 45.)

As a result, Lawrence requested a transfer to a job in Los Angeles, and asserted that he would be willing to take the necessary pay cut and pay his own relocation costs. (Id. at ¶ 46.) BAH indicated that the Los Angeles job required a Top Secret ("TS") clearance. (Id. at ¶ 47.)

Lawrence was given an interim TS clearance, and was given no indication that the Los Angeles position required a final TS clearance. (Id. at ¶¶ 48 and 49.) However, Lawrence was never considered for the position. (Id. at 50.)

Lawrence then asked BAH for a long-term leave of absence. (Id. at ¶52.) This request was denied. (Id. at ¶ 53.)

In August of 2013, Lawrence was directed to contact AFRL clients regarding funding for the RE and MIMO projects. (Id. at ¶ 54.) Lawrence then learned that BAH had calculated the MIMO fee incorrectly by approximately $25,000-$30,000. (Id. at ¶ 55.) Lawrence had brought this miscalculation to the attention of BAH on two previous occasions, but BAH was unwilling

to completely correct the alleged miscalculation. (Id. at ¶¶ 57-59.)

On two separate occasions, BAH employees made unnecessary and discriminatory remarks about Lawrence. (Id. at ¶¶ 60-62.) Also, after BAH terminated Lawrence, it reassigned his job functions, responsibilities and accounts to another, younger employee. (Id. at ¶ 63.) This lawsuit was then filed on March 28, 2014.

## STANDARD OF REVIEW

BAH seeks to dismiss Lawrence's Second and Third Claims for Relief pursuant to Fed. R. Civ. P. 12(b)(6). The purpose of a Rule 12(b)(6) motion to dismiss is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F. 2d 635, 638 (6th Cir. 1993) (citing *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987)).  Put another way, "the purpose of a motion under Federal Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case."  5B Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1356 (3d ed. 2004). Further, for purposes of a motion to dismiss, the complaint must be construed in the light most favorable to the plaintiff and its allegations taken as true. *Scheuer v. Rhodes,* 416 U.S. 232 (1974).

To survive a 12(b)(6) motion to dismiss, a plaintiff must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action is not enough. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. However, the factual

allegations must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp.*, 550 U.S. at 555(citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, p. 235-236 (3d ed. 2004)). The complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp.*, 550 U.S. at 570.)

Further, the required level of factual specificity rises with the complexity of the claim. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). A more complex case requires more detail "to give the opposing party notice of what the case is all about and to show how, in the plaintiff's mind at least, the dots should be connected." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010).

When considering a Rule 12(b)(6) motion to dismiss, the Court "need not accept as true legal conclusions or unwarranted factual inferences*." Morgan v. Church's Fried Chicken,* 829 F. 2d 10, 12 (6th Cir. 1987).  Put another way, bare assertions of legal conclusions are not sufficient.  *Lillard v. Shelby County Bd. of Education.*, 76 F. 3d 716, 726 (6th Cir. 1996).  It is only well-pleaded facts which are construed liberally in favor of the party opposing the motion to dismiss.  *Id.*

## APPLICABLE LAW

As a federal court located in Ohio exercising diversity jurisdiction, this Court must apply Ohio substantive law to this dispute unless the law of another state is specifically implicated, which, in this case, it is not. *Hisrich v. Volvo Cars of N. America*, *Inc.*, 226 F.3d 445, 449 (6th Cir. 2000). This Court must apply the substantive law of Ohio "'in accordance with the then-controlling decision of the highest court of the state.'" *Imperial Hotels Corp. v. Dore*, 257 F.3d

615, 620 (6th Cir. 2001)(quoting *Pedigo, M.D. v. UNUM Life Ins. Co. of America*, 145 F.3d 804, 808 (6th Cir. 1998)).

To the extent that the highest court in Ohio has not addressed the issue presented, this Court must ascertain from all available data, including the decisional law of Ohio's lower courts, what Ohio's highest court would decide if faced with the issue. *Imperial Hotels*, 257 F.3d at 620; *Bailey v. V & O Press Co., Inc.*, 770 F.2d 601, 604 (6th Cir. 1985). Finally, where Ohio's highest court has not addressed the issue presented, a federal court may not disregard a decision of an Ohio appellate court on point unless the federal court is convinced by other persuasive data that the highest court of Ohio would decide otherwise. *Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1485 (6th Cir. 1989).

## ANALYSIS

BAH seeks to dismiss Lawrence's Second and Third Claims for Relief. Therefore, each of these Claims for Relief will be addressed seriatim.

### Retaliation

In its Motion To Dismiss, BAH argues that the Court should dismiss Lawrence's Second Claim for Relief for retaliation because Lawrence failed to plead a viable claim for retaliation under Ohio's Whistleblower Statute or a viable claim for retaliation in violation of Ohio Rev. Code § 4112. Lawrence responds that his Second Claim for Relief is not based upon Ohio's Whistleblower Statute or on a violation of Ohio Rev. Code § 4112. Instead, Lawrence argues that his Second Claim for Relief is based upon retaliation in violation of the False Claims Act ("FCA") and Ohio common law. Therefore, BAH's Motion To Dismiss Lawrence's Second Claim for Relief for retaliation will be analyzed under the FCA and the Ohio common law that

Lawrence has cited.

### The FCA

The FCA provides that a private person, such as Lawrence, may bring a civil action for violation of the FCA in the name of the Government. 31 U.S.C. § 3730(b)(1). The FCA requires that, "[a] copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government…", that the complaint be filed in camera and remain under seal for at least sixty (60) days and that the complaint not be served on the defendant until the court so orders. 31 U.S.C. § 3730(b)(2).

In this case, there is no evidence that Lawrence provided his Complaint to the Government, that Lawrence filed his Complaint in camera or that Lawrence's Complaint remained under seal for at least sixty (60) days. Further, the FCA is mentioned nowhere in Lawrence's Complaint. Therefore, Lawrence has not made an FCA claim.

### Ohio Common Law

Lawrence bases his common law retaliation claim on the common-law cause of action created by the Ohio Supreme Court in *Greeley v. Miami Valley Maintenance Contractors, Inc.*, 551 N.E.2d 981 (Ohio 1990). *Greeley* provides for a cause of action for wrongful discharge in violation of public policy. *Id.* at 987. However, a claim for retaliation in violation of Ohio common law has not been expressly recognized by any court in Ohio. *Evans v. Toys R Us-Ohio, Inc.*, 32 F. Supp.2d 974, 990 (S.D. Ohio 1999); *Bools v. General Electric Co.*, 70 F. Supp.2d 829, 832 (S.D. Ohio 1999).

Lawrence identifies two Ohio Second District Court of Appeals cases, *Davenport v. Big Brothers and Big Sisters of the Greater Miami Valley, Inc.*, No. 23659, 2010 WL 2225362 (Ohio

Ct. App. June 4, 2010) and *Edwards v. Dubruiel*, No. 2002-CA-50, 2002 WL 31846259 (Ohio

Ct. App. Dec. 20, 2002), for the proposition that Ohio recognizes a common law cause of action

for retaliation based upon *Greeley*. However, this Court has not adopted the reasoning of

*Davenport* or *Edwards* nor have other Ohio appellate courts. *See Strausbaugh v. Ohio

Department of Transportation*, 782 N.E.2d 92 (Ohio Ct. App. 2002). Further, the *Greeley*

decision itself makes no mention of a common law claim for <u>retaliation</u>; it establishes a common

law claim for <u>wrongful termination</u> in violation of Ohio public policy. *Greeley*, 551 N.E.2d at

987. Therefore, Lawrence cannot plead a retaliation claim under Ohio common law.

Lawrence's Second Claim for Relief for retaliation is not brought under the FCA and

cannot be brought under Ohio common law. It must, therefore, be dismissed.

## Promissory Estoppel

Lawrence's promissory estoppel claim is premised upon his allegation that BAH

promised to promote him upon the fulfillment of certain conditions, that he met all of those

conditions and that he detrimentally relied upon this promise. (Compl. ¶¶ 84 and 85.) The

elements of a claim for promissory estoppel in the employment context, not contested in this

case, are (1) that the employer made a promise, (2) which it reasonably should have expected to

induce action or forbearance by the employee, (3) that there was such action or forbearance, and

(4) that injustice can only be avoided by enforcement of the promise. *Godfredson v. Hess &

Clark, Inc.*, 173 F.3d 365, 376 (6th Cir. 1999). Further, a promise of future benefits or

opportunities without a specific promise of continued employment does not support a promissory

estoppel claim. *Wing v. Anchor Media, Ltd. Of Texas*, 570 N.E.2d 1095, 1099 (Ohio 1991).

BAH argues that Lawrence has not pled facts supporting the first and third elements of a

promissory estoppel claim in the employment context. Each will be addressed seriatim.

Employer Promise

BAH asserts that Lawrence has not pled that BAH made a clear and unambiguous promise of continued employment. Rather, the only promise, according to BAH, that Lawrence received was a conditional promise of a promotion.

Lawrence responds that there is a difference between a termination that occurs before the promised benefit(s) accrue and a termination that occurs after the promised benefit(s) accrue. In support of this argument, Lawrence cites two cases, *Blatnicky v. Sheller-Globe Corp.*, No. 65516, 1994 WL 285007 (Ohio Ct. App. June 23, 1994)(*Wing* applies where an employee is discharged before promised benefits accrue) and *Stickler v. KeyCorp*, No. 80727, 2003 WL 157388 (Ohio Ct. App. Jan. 23, 2003)(*Wing* applies where an employee is discharged before promised benefits accrue), for this proposition. Both the *Blatnicky* court and the *Stickler* court found that promissory estoppel applies where all contingencies for the promise were removed several months before termination. *Stickler*, 2003 WL 157388 at \*3: *Blatnicky*, 1994 WL 285007 at \* 2.

In *Pollard v. Alsco, Inc.*, No. 1:09-cv-873, 2011 WL 1595147 (S.D. Ohio Apr. 27, 2011), this Court found that "a promise for an 'automatic promotion' is a promise of future benefits or opportunities without a specific promise of continued employment and therefore does not support a finding of promissory estoppel." *Pollard*, 2011 WL 1595147 at \* 10. *Wing* is cited as a basis for this conclusion. The Sixth Circuit has also relied on *Wing*. In *Fisher v. Trinova* Corp., No. 96-3918, 1998 WL 77411 (6th Cir. Oct. 13, 1998), the Sixth Circuit found that "[A] promise of future benefits or [career] opportunities without a specific promise of continued employment

does not support a promissory estoppel exception to the well-established doctrine of employment at will." *Fisher*, 1998 WL 77411 at *9(quoting *Wing* and citing other cases).

Neither the *Blatnicky* case nor the *Stickler* case are binding on this Court. More importantly, their interpretation of *Wing* is inconsistent with this Court's and the Sixth Circuit's applications of *Wing*. Finally, it seems illogical that a promise of future benefits, absent a promise of continued employment, could be actionable by an at-will employee. Therefore, this Court will follow *Wing's* finding that  a promise of future benefits or opportunities without a specific promise of continued employment does not support a promissory estoppel claim.

In this case, Lawrence was an at-will employee of BAH. Further, Lawrence has pled that BAH promised to promote him but does not allege that, along with this promise, BAH make a specific promise of continued employment. Therefore, Lawrence has not pled an actionable promise and thus has not satisfied the first element of a promissory estoppel claim.

Action or Forbearance

BAH argues that Lawrence did not allege any facts to show that he detrimentally relied upon BAH's alleged promise that Lawrence would receive a promotion upon fulfillment of certain conditions. Lawrence responds that, "inherent" in his allegations is the fact that he undertook job responsibilities that were not his and for which he was not compensated.

Ohio courts have found that refraining from seeking other employment cannot amount to detrimental reliance unless the at-will employee actually rejected employment offers. *Onysko v. Cleveland Public Radio*, 2000 WL 1036309 at *10 (Ohio Ct. App. July 27, 2000). Further, Lawrence does not cite any caselaw indicating that undertaking job responsibilities not his and not being compensated for such undertaking amounts to detrimental reliance.

-10-

In this case, as stated above, Lawrence was an at-will employee meaning that he was free to leave BAH if he wished to do so. Further, the doctrine of promissory estoppel is to be enforced under circumstances where the promise must be enforced to avoid an injustice. *Godfredson*, 173 F.3d at 376. Finally, undertaking job responsibilities without adequate pay cannot be detrimental to the employee if the employee is free to leave if he or she wishes. Therefore, Lawrence has not pled actionable forbearance to BAH's alleged promise.

## CONCLUSION

Lawrence's Second Claim for Relief for retaliation was not brought under the FCA and cannot now be brought under the FCA and his Second Claim for Relief cannot be brought under Ohio common law. It must, therefore, be dismissed with prejudice.

Lawrence's promissory estoppel claim premised upon his allegation that BAH promised to promote him upon the fulfillment of certain conditions, that he met all of those conditions and that he detrimentally relied upon this promise does not satisfy at least two (2) of the elements of a promissory estoppel claim. His promissory estoppel claim based upon this promise must, therefore, be dismissed with prejudice.

In sum, Lawrence has not pled facts, nor can he, that support his retaliation and promissory estoppel claims. BAH's Partial Motion To Dismiss is granted. Lawrence's Second and Third Claims for Relief are dismissed with prejudice.

**DONE** and **ORDERED** in Dayton, Ohio this Twenty-Fourth Day of June, 2014.

**s/Thomas M. Rose**

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

-11-

Copies furnished to:

Counsel of Record